**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDE STEELE,

    Petitioner,

  vs.

J. BROWN, Warden,

    Respondent.
    _____/

No. C 05-2061 PJH (PR)

**ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT'S MOTION TO DISMISS; SCHEDULING ORDER**

This is a habeas case filed pro se by a state prisoner. Petitioner alleges that denial of parole in 2004 violated his plea agreement and his Sixth Amendment, due process, and ex post facto rights. Respondent has filed a motion to dismiss, petitioner has opposed it and respondent has filed a reply. The motion is ready for decision.

**DISCUSSION**

Petitioner's grounds for federal habeas relief are that: (1) the Board's refusal to find him suitable for parole violated his plea agreement and his Sixth Amendment rights; (2) the Board's decision was not supported by "some evidence;" and (3) the Board's decision subjects him to a more severe sentence than that actually imposed, thereby violating his right not to be subjected to an ex post facto law. The motion to dismiss contains argument as to why each of these claims are without merit.

*1. Issue one, plea agreement and Sixth Amendment*

Petitioner's first claim is that the Board's refusal to set a term and find him suitable for parole violated his plea agreement and that its use of uncharged and unproved facts to deny parole violated his right to jury trial. Respondent contends that this "fails to state a claim."

The United States Supreme Court has stated that a motion to dismiss for failure to

state a claim is not appropriate in habeas cases. *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990) (citing *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 269 n. 14 (1978) (dictum)).  However, because Rule 4 of the Rules Governing Section 2254 in the United States District Courts "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated," the court may conclude that the facts alleged in the petition were not such as to entitle him to habeas relief as a matter of law and enter a summary dismissal under Rule 4.  *O'Bremski,* 915 F.2d at 420*.*  In addition, after *Browder* and *O'Bremski* were decided, Rule 4 was amended to explicitly permit a "motion" as a possible response to a petition, *see* 2004 Amendments Committee Comment, 28 U.S.C. foll. § 2254, and the committee comment for the 1976 adoption says that the language allowing the judge reviewing a petition to take such action as he or she deems appropriate might include dismissing some claims so that a respondent would only have to answer those with "some arguable merit."  That is, a motion is an appropriate response to a petition, and the court may dismiss those claims which do not have some arguable merit.

Respondent contends that petitioner has not alleged that the plea agreement itself contained a provision that he would be granted release on parole, so there could be no breach of the plea agreement, however much petitioner may have believed that he was going to receive such an early release.  Petitioner does not contend otherwise in his opposition.  The motion will be granted as to this claim.

Respondent does not refer to the second part of petitioner's first claim, that the Board's reliance on facts not found by a jury beyond a reasonable doubt caused his sentence to be longer than it otherwise would have been and thus violated the principle announced in *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000), and *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).  However, *Blakely* itself says that it does not invalidate indeterminate sentencing schemes, noting that although it is true that in indeterminate schemes a judge or parole board (here, a parole board) makes decisions affecting the length of incarceration, the statutory scheme does not give the prisoner a *right*

2

to a particular sentence upon the occurrence or nonoccurrence of specific facts, so there is no right to a jury trial on those facts. *Id.* at 2540-41. What matters is not whether the judge or board is deciding facts which affect the length of the incarceration, but whether the prisoner actually has a right to a particular length of sentence upon the occurrence of a particular fact or facts. *Id.* at 2040. As the Court explained, "[i]n a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed in *entitled* to no more than a 10-year sentence – and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury." *Id.* (emphasis in original). It thus is clear that petitioner's *Apprendi/Blakely* claim is without merit, and it will be summarily denied.

*2.    Issue two, some evidence*

Respondent contends that petitioner's second claim, that his due process rights were violated because the Board's decision was not supported by some evidence, should be dismissed because petitioner has no liberty interest in parole, thus no right to due process protections, which in the parole context might include a right to have decisions be supported by some evidence. Respondent argues that a decision of the California Supreme Court, *In re Dannenberg*, 34 Cal. 4th 1061 (2005), establishes that California prisoners have no liberty interest in parole. Respondent contends that because he has no liberty interest in parole, petitioner has no due process right to "some evidence" to support the Board's decision, hence his second claim has no constitutional basis. The Ninth Circuit has recently rejected this contention, so the motion will be denied as to this claim. *See Sass v. California Bd. of Prison Terms*, 2006 WL 2506393 at *3 (9th Cir. Aug. 31, 2006).

*3.    Issue three, ex post facto*

Finally, respondent contends that the ex post facto claim is without merit because petitioner has no expectation of release on parole, based on the argument that California law does not create a liberty interest in parole – the argument rejected above. The motion to dismiss will be denied as to this claim.

**CONCLUSION**

The motion to dismiss (document 5 on the docket) is granted in part and denied in part. It is **DENIED** as to respondent's contentions that there is no liberty interest in parole in California and that petitioner's ex post facto claim is without arguable merit. It is **GRANTED** as to petitioner's claim that his plea agreement was breached. That claim (ground for relief two in the court's list) is **DISMISSED**. In addition, petitioner's contention that his Sixth Amendment rights were violated when parole was denied on facts not tried to a jury and proved beyond a reasonable doubt is **DENIED**.

Respondent shall serve an answer to the order to show cause within sixty days of the date this order is entered. If petitioner wants to respond to the answer, he shall file a traverse (response) within thirty days of the date the answer is served upon him.

**IT IS SO ORDERED.**

Dated: September 7, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\STEELE061.MDSMSS